IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WILLIAM BRADLEY MARLAR                                APPELLANT

VS.                                CASE NO. 07-CV-1104

RENEE S. WILLIAMS, Trustee                                APPELLEE

## MEMORANDUM OPINION and ORDER

Before the Court is an appeal from the August 30, 2007 order of the United States Bankruptcy Court of the Western District of Arkansas. Appellant William Bradley Marlar ("Brad") has filed his brief. (Doc. 6). Appellee Renee S. Williams has elected not to file a brief in this appeal. (Doc. 7). Brad has filed a reply brief. (Doc. 8). The matter is now ripe for the Court's consideration.

### I. BACKGROUND

On December 19, 1986, John Marlar ("Marlar") conveyed to his son, Brad, 712 acres of farmland located in Ouachita and Dallas Counties for ten dollars. Brad recorded the deed in the summer of 1995, during Marlar's contested divorce proceedings. Paula Davis, Marlar's ex-wife, was awarded a $52,000 judgment secured by an equitable lien. In a state court proceeding in June 1998, Paula attempted to set aside the 1986 conveyance to Brad. The state court, citing the Arkansas Fraudulent Transfer Act, concluded that there was no evidence that Marlar transferred the property with actual intent to defraud creditors. The court further concluded that Paula's claim of constructive fraud failed because she had actual notice of the transfer prior to marriage.

After her action to set aside the deed was dismissed, Paula along with two other creditors filed an involuntary petition against Marlar for relief under Chapter 7 of the Bankruptcy Code.

The trustee in the bankruptcy action, represented by the same attorney who represented Paula in her unsuccessful state court action, then filed a complaint to set aside the 1986 conveyance, seeking to bring the farmland into Marlar's bankruptcy estate so that it would be available to satisfy the claims of all creditors, including Paula. In March 2000, the bankruptcy court found the 1986 transfer of real estate from Marlar to Brad to be "constructively fraudulent." Marlar appealed this decision, and eventually the Eighth Circuit Court of Appeals affirmed the bankruptcy court's order voiding the transfer from John Marlar to his son and ordering the farm to be included as part of John Marlar's bankruptcy estate.

In the conclusion of its opinion, the Eighth Circuit addressed an "additional issue" in hopes of "foreclos[ing] a future appeal from the bankruptcy proceeding." *In re Marlar*, 267 F.3d 749, 756 (8th Cir. 2001). The court noted that "Paula Marlar has a state court judgment and therefore a claim against Marlar's bankruptcy estate but a subsequent state court judgment determined that she may not use the Arkansas Fraudulent Transfer Act to enforce her divorce decree against the real property here at issue." *Id*. Citing principles of *res judicata* and comity, the Eighth Circuit ordered the bankruptcy court not to satisfy the bankruptcy claim of Paula Marlar "directly or indirectly from any asset that has become a part of Marlar's bankruptcy estate by reason of this adversary proceeding." *Id*.

The assets in Marlar's bankruptcy estate exceeded the claims and administrative expenses; thus, there was a surplus. Paula Marlar did not receive any money from the bankruptcy action. Because there was a surplus, in August 2006, the bankruptcy trustee conveyed the Ouachita County and Dallas County realty back to Marlar by deed. Shortly after the trustee deeded the property to Marlar, Paula's attorney had a writ of execution issued to levy

upon the Ouachita and Dallas Counties farmland to satisfy Paula's $52,000 judgment against Marlar.

On February 21, 2007, Bradley filed a motion in bankruptcy court seeking reformation of the August 2006 deed.[1] Brad argued that the trustee should have deeded the farmland to him instead of his father, because he (Brad) had owned the land until the bankruptcy decision in 2000 deemed the transfer fraudulent. He further argued that the deed should be reformed because the Ouachita County sheriff was moving forward to sell the realty in Marlar's name to satisfy Paula's divorce judgment. Thus, because the trustee deeded the realty to Marlar instead of Brad, Paula would be allowed to indirectly benefit from Marlar's bankruptcy, despite the Eighth Circuit order forbidding her to do so. The bankruptcy court denied Brad's motion to reform the deed. Marlar filed an appeal, and the matter is now before this Court.

## II. DISCUSSION

The Court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re Reynolds*, 425 F.3d 526, 531 (8th Cir. 2005). The facts of this appeal are not in dispute. The issue on appeal, which the Court will review de novo, is whether the bankruptcy court erred when it refused to reform the August 2006 deed conveying the property at issue from the bankruptcy trustee to Marlar. Brad argues that the trustee should have conveyed the property to him. In support of his argument, Brad cites 11 U.S.C. § 105(a), which states that the bankruptcy court "may issue any order, process or judgment that is necessary or

---

[1] On August 29, 2007, the bankruptcy court held a hearing on this motion. The record is not clear as to the exact date, but the farmland at issue was scheduled to be sold at a sheriff's sale in Oucahita County in February 2007. On the day of the sale, Marlar borrowed from his brother the money to satisfy Paula's judgment. Thus, the farmland at issue was never sold, and it still belongs to Marlar.

appropriate to carry out the provisions of this title." Brad maintains that the previous statute not only authorized but also required the court to issue an order to the trustee authorizing transfer of the property at issue to Brad in order to carry out the Eighth Circuit's order that Paula not benefit directly or indirectly from the bankruptcy action. The Court disagrees.

Both parties agree that Paula has not benefitted directly from the bankruptcy action. The question is whether Paula has benefitted indirectly from the bankruptcy action. The Court agrees with the bankruptcy court's reasoning that Paula received no direct or indirect distribution from the bankruptcy action. Because of the surplus, the trustee was required to deed the property at issue back to Marlar, the debtor. The Court is aware of no authority that would authorize the trustee to deed the property to Brad, from whom the trustee had recovered the property after the bankruptcy court had deemed the conveyance from Marlar to Brad fraudulent.

When the Eighth Circuit addressed the issue of Paula benefitting from the bankruptcy action, an issue that was not argued before it, the appellate court did not have evidence before it that Marlar's estate was actually solvent and that there would be a surplus. The Court does not believe that the Eighth Circuit meant to deny Paula the right to receive payment of her judgment altogether. The purpose of the Eighth Circuit's order was to keep Paula from benefitting from the bankruptcy action that she and two other creditors initiated. Paula did not get satisfaction of her judgment in the bankruptcy court. The fact that the property had at one time been a part of the bankruptcy estate did not change the fact that Marlar still owed the judgment to Paula. Paula executed on Marlar's property after it was no longer a part of the bankruptcy estate. When Marlar received the property from the trustee, the property was his to use as he wished or to convey to whomever he pleased. Furthermore, the property at issue was never even sold to

satisfy Paula's judgment because Marlar borrowed the money from his brother to pay off Paula's judgment. Thus, according to the record, Marlar presently owns the property at issue and is free to convey the property to Brad if he wishes to do so.

### III. CONCLUSION

For reasons stated herein and above, the Court concludes that the bankruptcy court did not err in denying Brad's motion to reform the deed. Accordingly, the decision of the bankruptcy court should be and hereby is **AFFIRMED**.

**IT IS SO ORDERED**, this 8th day of August, 2008.

                                                /s/ Harry F. Barnes
                                                Hon. Harry F. Barnes
                                                United States District Judge